UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSA WISE and BRIONNA
BOBB,

        **Plaintiffs,**

v.                            **Case No: 6:25-cv-1640-PGB-LHP**

WILLIAM LEVEN, JUSTIN
ALLEN, MICHAEL CHITWOOD
and JASON UMBERGER,

        **Defendants.**

_____/

**ORDER**

This cause comes before the Court upon Defendants William Leven, Justin

Allen, Michael Chitwood and Jason Umberger's (collectively, the "**Defendants**")

Motions to Dismiss. (Docs. 9, 14, 17 (collectively, the "**Motions**")). Plaintiffs Rosa

Wise and Brionna Bobb's (collectively, the "**Plaintiffs**") filed responses in

opposition. (Docs. 28, 29, 30 (collectively, the "**Responses**"). Upon

consideration, the Motions are due to be granted.

**I.    BACKGROUND**

This action arises out of an interaction between Jayvion Marquise Barthel,

Brionna Bobb, and the Defendants. (Doc. 1 (the "**Complaint**")). Allegedly,

Defendants "caused Mr. Barthel's death by shooting Mr. Barthel at least six (6)

times and failed to provide him with adequate medical care . . ." (*Id.* at p. 2). The

Defendants allegedly made no effort "to provide medical attention to Mr. Barthel for a significant period of time." (*Id.* ¶ 64). Moreover, Ms. Bobb was adjacent to Mr. Barthel during the shooting. (*Id.* ¶ 13). Following the shooting, the defendant police "officers conducted an illegal search of Mr. Bobb's person." (*Id.* ¶ 64). This incident has caused "severe damages to Plaintiff Bobb." (*Id.* ¶ 44). In response, this action was brought by Rosa Wise (Mr. Barthel's mother) on behalf of Mr. Barthel's estate and Ms. Bobb on behalf of herself.

In due course, Defendants moved to dismiss the Complaint as an impermissible shotgun pleading, among other reasons. (Doc. 9, p. 3; Doc. 14, pp. 8–12; Doc. 17, pp. 9 –12). Plaintiffs responded in opposition (Docs. 28, 29, 30) and the matter is now ripe for review.

## II.    DISCUSSION

Defendants argue that Plaintiffs' Complaint is a shotgun pleading and thus, dismissal is warranted. (*See* Docs. 9, 14, 17). Ultimately, the Court agrees.

The Eleventh Circuit has "been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years. . . ." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 (11th Cir. 2008), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). There are four acknowledged types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and

2

> immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

As Defendants correctly point out, Plaintiffs' Complaint falls within the fourth category of shotgun pleadings. (*See* Doc. 1). Plaintiffs' Complaint begins by specifically renaming William Leven and Justin Allen, collectively, as the "Individual Defendants." (*Id.* at p. 1). Plaintiffs do the same for Sherriff Michael Chitwood and Sherriff Jason Umberger, referring to them collectively as "Law Enforcement Agencies." (*Id.* at pp. 1–2) Then, Plaintiffs reference the "Individual Defendants" and "Law Enforcement Agencies" throughout much of the Complaint. (*See generally* Doc. 1). Ultimately, Plaintiffs' Complaint proceeds to vaguely reference "the Individual Defendants" and "Law Enforcement Agencies" in each of Plaintiffs' claims for relief—without identifying "which of the [D]efendants the claim is brought against." *See Weiland*, 792 F.3d at 1321–23. Thus, as quintessentially proscribed in *Weiland*, Defendants are left guessing which claim is asserted against which Defendant(s). Consequently, given Plaintiff's failure to

specify which Defendant(s) are being referenced throughout the Complaint, the Court is unable to decipher "which of the [D]efendants are responsible for which acts or omissions." *See id.*

Simply put, the Complaint references two separate law enforcement agencies and two separate law enforcement officers yet comingles their acts and omissions. This deficiency is not merely procedural in the 42 U.S.C. § 1983 context, rather, it is substantive. Because vicarious liability is inapplicable in 42 U.S.C. § 1983 suits, a Plaintiff must plead that each defendant, through that individual's own actions, violated the Constitution. *Ashcroft*, 556 U.S. 662, 676 (2009). A complaint that lumps multiple officers together without specifying which officer did what makes it impossible to conduct the individual constitutional analysis required by 42 U.S.C. § 1983. Accordingly, because it is impossible to determine which acts or omissions are attributed to which officer or agency, dismissal is appropriate. Thus, Repleader is necessary to correct the Complaint's deficiency in asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

## III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Defendants' Motions to Dismiss (Docs. 9, 14, 17) are **GRANTED.**

2.    The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.

3.    On or before **April 30, 2026**, Plaintiffs may file an amended complaint consistent with the directives of this Order and all applicable rules and law. Failure to timely file an amended complaint may result in the dismissal of this action without prejudice without further notice.

**DONE AND ORDERED** in Orlando, Florida on April 16, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties